## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **WOLVERINE TUBE, INC., et al.,**[1] | ) | Case No. 10-13522 (\_\_\_) |
| | ) | |
| | ) | (Joint Administration Requested) |
| Debtors. | ) | |
| | ) | |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 28 U.S.C. § 156(c), BANKRUPTCY RULE 2002(f) AND LOCAL BANKRUPTCY RULE 2002-1(f) AUTHORIZING THE RETENTION OF DONLIN, RECANO & COMPANY, INC. AS CLAIMS, NOTICING AND BALLOTING AGENT TO THE DEBTORS AND DEBTORS-IN-POSSESSION

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move (the "Motion") for entry of an order, pursuant to section 156(c) of title 28 of the United States Code ("Section 156(c)"), Rule 2002(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the retention of Donlin, Recano & Company, Inc. ("Donlin Recano") as claims, noticing and balloting agent (the "Claims, Noticing and Balloting Agent") to the Debtors and for the Office of the Clerk for the United States Bankruptcy Court for the District of Delaware (the "Clerk's Office"). In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Wolverine Tube, Inc. (0812), Tube Forming, L.P. (3323), Wolverine Joining Technologies, LLC (1600), WT Holding Company, Inc. (4984) and TF Investor Inc. (8048). The Debtors' corporate headquarters and the mailing address for each Debtor is 200 Clinton Avenue West, 10th Floor, Huntsville, Alabama 35801.

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are 28 U.S.C. § 156(c), Bankruptcy Rule 2002(f) and Local Rule 2002-1(f).

## BACKGROUND

2. On the date hereof (the "Petition Date"), the Debtors each filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their affairs as debtors in possession. An official committee of unsecured creditors has yet to be appointed by the Office of the United States Trustee.

3. The factual background relating to the Debtors' commencement of these Chapter 11 cases is set forth in detail in the *Declaration of Harold M. Karp, President and Chief Operating Officer of Wolverine Tube, Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "Karp Declaration") filed contemporaneously herewith and incorporated herein by reference.

## RELIEF REQUESTED

4. By this Motion, the Debtors respectfully request the entry of an order authorizing them to retain and employ Donlin Recano as Claims, Noticing and Balloting Agent in these chapter 11 cases as of the Petition Date to, among other things: (a) serve as the Court's noticing agent to mail notices to the Debtors' creditors and parties in interest, (b) provide computerized claims, objection and balloting database services, (c) provide expertise, consultation and assistance in claim and ballot processing and other administrative information,

and (d) provide disbursement services with respect to the Debtors' chapter 11 cases, if requested.

**BASIS FOR RELIEF**

5. Pursuant to Section 156(c),[2] this Court is authorized to utilize facilities other than the Clerk's Office for the administration of bankruptcy cases, including such matters as giving notice of hearings and orders filed in these chapter 11 cases, the meeting of creditors pursuant to section 341 of the Bankruptcy Code and claims bar dates, and providing record keeping and claims docketing assistance.

6. In addition, under Bankruptcy Rule 2002(f), the Court may direct that a person other than the Clerk's Office give notice of the various matters described therein. Moreover, Local Rule 2002-1(f) requires a debtor to file an application to retain a notice and/or claims clerk within ten (10) days of the petition date in all cases with more than 200 creditors. The Debtors believe that the number of creditors in these cases will greatly exceed that number. Thus, pursuant to Local Rule 2002-1(f) and for the reasons set forth below, the Debtors believe it is necessary and in the best interests of their creditors and estates to engage Donlin Recano to act as outside agent to the Clerk's Office in order to assume full responsibility for, among other things, distribution of notices and proof of claim forms and the maintenance, secondary processing and docketing of all proofs of claim filed in the Debtors' chapter 11 cases. In addition, in connection with any plan proposed by the Debtors, the Debtors have determined that they will require the services of Donlin Recano to act as solicitation agent with respect to, <u>inter alia</u>, the mailing of the Debtors' disclosure statement, the plan, and ballots, and maintaining and tallying ballots in connection with the voting on such plan.

---

[2] 28 U.S.C. § 156(c) provides, in relevant part, that "[a]ny court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the cost of such facilities or services are paid for out of the assets of the estate and are not charged to the United States."

3

7. The Debtors anticipate that there will be hundreds of entities that the Debtors will be required to serve with the various notices, pleadings, and other documents filed in these chapter 11 cases. In consideration of the number of anticipated claimants and other parties-in-interest, the Debtors respectfully submit that the appointment of Donlin Recano will expedite the distribution of notices and relieve the Clerk's Office of the administrative burden of processing such notices.

8. Donlin Recano is a data processing firm that specializes in claims processing, noticing, balloting, disbursement and other administrative tasks in chapter 11 cases. The Debtors propose to retain Donlin Recano on the terms and conditions set forth in an agreement substantially in the form attached hereto as Exhibit A and incorporated herein by reference (the "Donlin Recano Agreement").

9. Under the Donlin Recano Agreement, Donlin Recano, at the request of the Debtors or the Clerk's Office, will provide the following services as the Claims, Noticing and Balloting Agent:

(a) notifying all potential creditors of the filing of the Debtors' bankruptcy petitions and of the setting of the first meeting of creditors, pursuant to Bankruptcy Code § 341, under the proper provisions of the Bankruptcy Code and the Bankruptcy Rules;

(b) maintaining an official copy of the Debtors' schedules of assets and liabilities and statement of financial affairs (collectively, the "Schedules") listing the Debtors' known creditors and the amounts owed thereto;

(c) notifying all potential creditors of the existence and amount of their respective claims, as evidenced by the Debtors' books and records and as set forth in the Schedules;

(d) furnishing a notice of the last day for the filing of proofs of claim

and a form for the filing of a proof of claim, after such notice and form are approved by this Court;

(e) filing with the Clerk's Office an affidavit or certificate of service which includes a copy of the notice, a list of persons to whom it was mailed (in alphabetical order), and the date the notice was mailed, within 10 days of service;

(f) docketing all claims received, maintaining the official claims registers (the "Claims Registers") for each of the Debtors on behalf of the Clerk's Office, and providing the Clerk's Office with certified duplicate unofficial Claims Registers on a monthly basis, unless otherwise directed;

(g) specifying, in the applicable Claims Register, the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the filed amount of the claim, if liquidated, and (v) the classification(s) of the claim (e.g., secured, unsecured, priority, etc.) according to the proof of claim;

(h) recording all transfers of claims and providing any notices of such transfers required by Bankruptcy Rule 3001;

(i) making changes in the Claims Registers pursuant to Court Order;

(j) upon completion of the docketing process for all claims received to date by the Clerk's Office, turning over to the Clerk's Office copies of the Claims Registers for the Clerk's Office's review;

(k) maintaining the Claims Registers for public examination without charge during regular business hours;

(l) maintaining the official mailing list for each Debtor of all entities that have filed a proof of claim, which list shall be available upon request by a party-in-interest or the Clerk's Office;

(m) providing and maintaining a website where parties can view claims

filed, the status of claims, and pleadings or other documents filed with the Court by the Debtors;

(n) providing balloting and solicitation services, including preparing ballots, producing personalized ballots and tabulating creditor ballots on a daily basis;

(o) providing such other noticing, disbursing and related administrative services as may be required from time to time by the Debtors; and

(p) providing assistance with, among other things, certain data processing and ministerial administrative functions, including, but not limited to, such functions related to: (1) the Schedules and master creditor lists, and any amendments thereto; and (2) the processing and reconciliation of claims.

10. Attached as <u>Exhibit B</u> and incorporated herein by reference is the Affidavit of Louis A. Recano (the "<u>Recano Affidavit</u>"), President of Donlin Recano. Except to the extent specifically disclosed in the Recano Affidavit, Donlin Recano is not connected with the Debtors, their creditors, the Office of the United States Trustee for the District of Delaware or any person employed by the Office of the United States Trustee for the District of Delaware. In the Recano Affidavit, Donlin Recano has represented to the Debtors that it neither holds nor represents any interest adverse to the Debtors' respective estates on matters for which it is to be retained or employed and that it is a "disinterested person" as referenced in section 327(a) of the Bankruptcy Code and as defined in section 101(14) and modified by section 1107(b) of the Bankruptcy Code.

11. As set forth in the Recano Affidavit, Donlin Recano represents, among other things, that:

(a) Donlin Recano will not consider itself employed by the United

States government and shall not seek any compensation from the United States government in its capacity as the Claims, Noticing and Balloting Agent in these chapter 11 cases;

(b) by accepting employment in these chapter 11 cases, Donlin Recano waives any rights to receive compensation from the United States government;

(c) in its capacity as the Claims, Noticing and Balloting Agent in these chapter 11 cases, Donlin Recano will not be an agent of the United States and will not act on behalf of the United States;

(d) in its capacity as the Claims, Noticing and Balloting Agent in these chapter 11 cases, Donlin Recano will not misrepresent any fact to any person; and

(e) Donlin Recano will not employ any past or present employees of the Debtors in connection with its work as the Claims, Noticing and Balloting Agent in these chapter 11 cases.

12. The Debtors request that the fees and expenses of Donlin Recano incurred in the performance of the above services be treated as an administrative expense of the Debtors' chapter 11 estates and be paid by the Debtors in the ordinary course of business without the need for Donlin Recano to file any fee applications or otherwise seek court approval for compensation for its services and reimbursement of its expenses.[3] Donlin Recano will serve monthly invoices on the Debtors, counsel for the Debtors, the Office of the United States Trustee, the Debtors' post-petition secured lenders (if any), the Indenture Trustee, counsel for the Ad Hoc Noteholders' Group and any official committees that may be appointed in these cases. If any dispute arises between Donlin Recano and the Debtors with respect to fees and expenses that

---

[3] As an administrative agent and an adjunct to the Court, the Debtors do not believe that Donlin Recano is a "professional" whose retention is subject to approval under section 327 of the Bankruptcy Code or whose compensation is subject to approval of the Court under sections 330 and 331 of the Bankruptcy Code.

cannot be resolved by Donlin Recano and the Debtors, such dispute shall be presented to the Court for resolution thereof. Prior to the Petition Date, the Debtors made an advance payment to Donlin Recano in the form of a $20,000 retainer.

13. In the event these cases are converted to cases under Chapter 7 of the Bankruptcy Code, the Debtors request that Donlin Recano continue to be paid for its services until the claims filed in these cases have been completely processed, and that if claims agent representation is necessary in the converted Chapter 7 cases, Donlin Recano would continue to be paid in accordance with 28 U.S.C. § 156(c).

14. As noted above, under Bankruptcy Rule 2002, the Court may direct that some person other than the Clerk's Office give notice of the matters addressed in that rule. In addition, Section 156(c) expressly authorizes the use of non-court services for noticing. The Debtors submit that the engagement of Donlin Recano as the Claims, Noticing and Balloting Agent is therefore expressly authorized under Bankruptcy Rule 2002(f), Local Rule 2002-1(f), and Section 156(c).

15. For all of the foregoing reasons, the Debtors believe that the appointment of Donlin Recano as the Claims, Noticing and Balloting Agent is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

## NOTICE

16. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the United States Trustee for the District of Delaware; (b) the Debtors' thirty largest unsecured creditors; (c) the Indenture Trustee; (d) the Ad Hoc Noteholders' Group; (e) The Alpine Group, Inc.; (f) Plainfield Asset Management LLC; (g) the Pension Benefit Guaranty Corporation; and (h) all parties that have requested personal notice

pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no further notice of the Motion is necessary or required. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PREVIOUS REQUEST

17. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit C, (i) authorizing the Debtors to retain and employ Donlin Recano as the Claims, Noticing and Balloting Agent in these chapter 11 cases as requested herein and (ii) granting such other and further relief as may be just and proper.

Dated: November 1, 2010

COZEN O'CONNOR

Mark E. Felger (No. 3919)
Simon E. Fraser (No. 5335)
1201 N. Market St., Ste. 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013

*Proposed Counsel for the Debtors and Debtors in Possession*